# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-6388 FMO (KSx) | Date | Sept. 18, 2017 |
|---|---|---|---|
| Title | Daniel Zipser, et al. v. Caliber Home Loans, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:  Attorney Present for Defendants:

None Present  None Present

**Proceedings:**  (In Chambers) Order Remanding Action

On August 9, 2017, Daniel Zipser and Cynthia Zipser ("plaintiffs") filed a Complaint in the Ventura County Superior Court against Caliber Home Loans, Inc. ("Caliber"), U.S. Bank Trust, National Association, as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), Bank of America, ("BofA"), Wilmington Savings Fund Society, FSB ("WSF"), Ocwen Loan Servicing, LLC ("Ocwen"), and Quality Loan Services ("Quality") (collectively, "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1 & 6; Dkt. 1-1, Exhibit ("Exh.") A ("Complaint")). On August 29, 2017, Caliber removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶ 5). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-6388 FMO (KSx)** | Date | **Sept. 18, 2017** |
|---|---|---|---|
| Title | **Daniel Zipser, et al. v. Caliber Home Loans, Inc., et al.** | | |

doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.[1] In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiffs appear to be citizens of California. (See Dkt. 1-1, Complaint at ¶ 1; Dkt. 1, NOR at ¶ 6(a)). Caliber has shown that it and the other defendants, with the exception of Quality, are not citizens of California. (See Dkt. 1, NOR at ¶¶ 6(b)-(f)). It concedes that Quality is a citizen of California. (See id. at ¶ 6(g)). Thus, complete diversity does not exist.

Caliber contends that Quality's citizenship is irrelevant for jurisdiction purposes because Quality is a nominal party that has filed a Declaration of Non-Monetary Status ("DNMS") in state court pursuant to California Civil Code § 2924l. (See Dkt. 1 NOR at ¶ 6(g) & p. 6). Caliber's contention is unpersuasive. As one court stated:

> A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive. A timely objection, or even facts which arise during discovery, are allowed to show the defendant was not entitled to nonmonetary status. . . . [E]ven if a defendant's nonmonetary

---

[1] Caliber seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-6388 FMO (KSx)** | Date | **Sept. 18, 2017** |
|---|---|---|---|
| Title | **Daniel Zipser, et al. v. Caliber Home Loans, Inc., et al.** | | |

status declaration remains unchallenged for the duration of the action, the defendant is bound by the nonmonetary terms of the judgment.

Sublett v. NDEX West, LLC, 2011 WL 663745, *2 (S.D. Cal. 2011) (citation omitted); see also Hershcu v. Wells Fargo Bank, N.A., 2012 WL 439698, *2 (S.D. Cal. 2012) ("The citizenship of [defendant] may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status.").[2]  Here, plaintiffs have timely objected to Quality's DNMS.  (See Dkt. 1, NOR at ¶ 6(g) & p. 6).  But even absent an objection, Quality's citizenship could not be ignored for purposes of diversity jurisdiction.[3]  See Sublett, 2011 WL 663745, at *2; Hershcu, 2012 WL 439698, at *2.  Thus, the filing of a declaration of nonmonetary status does not render Quality a nominal party.

Caliber also asserts that Quality is a fraudulently joined party, (see Dkt. 1, NOR at ¶ 6(g) & pp. 6-14) because the "Complaint offers no facts that might suggest that plaintiff[s] can state a viable cause of action against [Quality]."  (Id. at p. 10).  Caliber's assertion is unpersuasive.

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity."  United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotations omitted).  "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."  Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law.").  The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant.  See Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845

---

[2] Courts are split on whether an unopposed declaration of nonmonetary status is sufficient to deem a trustee a nominal party.  Compare Rivera v. Aurora Loan Servs. LLC, 2010 WL 1709376, *2 (S.D. Cal. 2010) (finding filing of a notice of nonmonetary status sufficient to render party nominal party for purposes of jurisdiction); Raissian v. Quality Loan Serv. Corp., 2014 WL 6606802, *3-4 (C.D. Cal. 2014) (recognizing split) with Sublett, 2011 WL 663745, at *2 (finding notice insufficient to render party a nominal party for purposes of jurisdiction) and Hershcu, 2012 WL 439698, at *2 (same).  The court believes the reasoning of Sublett and Herschu is more persuasive.

[3] Given this, Caliber's contention that Quality was fraudulently joined because plaintiffs did not object to its DNMS in the earlier-filed action is without merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-6388 FMO (KSx)** | Date | **Sept. 18, 2017** |
|---|---|---|---|
| Title | **Daniel Zipser, <u>et</u> <u>al.</u> v. Caliber Home Loans, Inc., <u>et</u> <u>al.</u>** | | |

F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff <u>could</u> <u>not</u> <u>possibly</u> <u>recover</u> against the party whose joinder is questioned.") (emphasis in original); <u>Vasquez v. Bank of Am., N.A.</u>, 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met "heavy burden of persuasion, to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).

      Under the circumstances, the court is not persuaded that Caliber has met its heavy burden of showing by clear and convincing evidence that plaintiffs do not have a colorable claim against Quality. While Caliber cites to the standard set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007), (<u>see</u> Dkt. 1, NOR at ¶ 6(g) & pp. 7-8), "[t]o demonstrate fraudulent joinder the test is whether Plaintiff[s] can state a claim <u>in</u> <u>state</u> <u>court</u>." <u>Nance v. Cal-Western Reconveyance Corp.</u>, 2015 WL 452747, *5 (C.D. Cal. 2015) (emphasis in original; internal quotation marks omitted). Thus, federal courts "have refused to apply the <u>Twombly</u> and <u>Iqbal</u> standards to determine whether a defendant was fraudulently joined." <u>Id.</u> Instead, courts employ the pre-<u>Twombly</u> "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99 (1957): "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 45-46, 78 S.Ct. at 102; <u>Nance</u>, 2015 WL 452747, at *5. Indeed, if there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." <u>Mireles</u>, 845 F.Supp.2d at 1062 (alterations in original).

      Here, Caliber contends that plaintiffs cannot state a claim against Quality because they fail to allege tender and their claims are barred by the doctrine of judicial estoppel. (<u>See</u> Dkt. 1, NOR at pp. 10-11). However, this contention appears to apply to the claims against all defendants, (<u>see</u> Dkt. 1-1, Complaint at ¶¶ 33-54), and are not unique to Quality. Thus, they undermine the notion that Quality was fraudulently joined. Moreover, plaintiffs allege that Quality and the other defendants conspired to commit wrongful foreclosure. (<u>See</u> <u>id.</u> at ¶¶ 49-54); <u>see</u> <u>Daniels v. Wells Fargo Bank, N.A.</u>, 2012 WL 10649202, *5 (C.D. Cal. 2012) (noting that because several claims were directed toward all defendants collectively, trustee "could potentially be held liable either under a conspiracy theory or for the claims aimed at Defendants collectively"); <u>Dejillo v. Wells Fargo Bank, N.A.</u>, 2015 WL 5187344, *2 (N.D. Cal. 2015) (noting other courts have found trustees not fraudulently joined by analogous allegations). In short, construing all ambiguities in favor of plaintiffs, the court concludes that Caliber has not met its heavy burden of establishing that "plaintiff[s] could not possibly recover" against Quality. <u>See</u> <u>Mireles</u>, 845 F.Supp.2d at 1063 (emphasis omitted); <u>see</u> <u>also</u> <u>Hamilton Materials</u>, 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence.").

      Because Quality is not a nominal party and was not fraudulently joined, its citizenship is considered in the determination of diversity jurisdiction. Thus, there was no diversity jurisdiction over this action at the time of removal because both plaintiffs and Quality are citizens of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-6388 FMO (KSx)** | Date | **Sept. 18, 2017** |
|---|---|---|---|
| Title | **Daniel Zipser, et al. v. Caliber Home Loans, Inc., et al.** | | |

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Ventura, 800 South Victoria Ave., Ventura, CA 90039, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |